**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES KELLY CHAVEZ, | No. 08-17191 |
| Petitioner - Appellant, | D.C. No. 2:03-cv-00173-KJD-LRL |
| v. | |
| JACKIE CRAWFORD and JAMES SCHOMIG, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted June 15, 2010[**]
San Francisco, California

Before: O'SCANNLAIN, TASHIMA, BEA, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

Charles Chavez ("Chavez") appeals from the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

Chavez was convicted in Nevada state court of the first-degree murder of his girlfriend Jamie Rodgers ("Jamie"), robbery, and unlawful use of an ATM card for withdrawal of money. Under the Antiterrorism and Effective Death Penalty Act, we can grant a habeas petition only if the state court's adjudication of the claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

Chavez raised three claims of ineffective assistance of counsel. The Nevada Supreme Court rejected all of his claims on the ground that Chavez could not show that his counsel's failures prejudiced him under the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984), because of the overwhelming evidence of his guilt. This decision was not an unreasonable application of *Strickland*.

1. Chavez contends his counsel was ineffective because counsel did not call Debbie Goldasich or Linda Pirolli to testify and did not cross-examine thoroughly enough Stacey Bell and Tracey Chavez. The Nevada Supreme Court denied this claim on grounds that counsel's decisions were tactical and Chavez could not

2

establish prejudice because there was no reasonable probability the testimony of these witnesses would have changed the verdict in light of the overwhelming evidence of Chavez's guilt. This was not an unreasonable application of *Strickland*; counsel's tactical decisions were reasonable, the evidence against Chavez was overwhelming. The coroner testified that Jamie's injuries conclusively demonstrated that she had been strangled and had not drowned. Chavez admitted to being present with Jamie at Lake Mead on the night she died, and DNA testing confirmed that Jamie's blood was on the shirt Chavez had worn that night. Chavez had also told three inconsistent versions of what had happened to Jamie, all of which the jury heard. The Nevada Supreme Court reasonably concluded there was no prejudice to Chavez.

**2.** Chavez contends his counsel was ineffective because counsel did not object to the coroner's testimony that Jamie had a vaginal bruise that pre-dated the night of her death that would have made sexual intercourse painful. The prosecutor used this testimony in closing argument in combination with the fact Chavez's semen was discovered in Jamie's vagina to suggest that, because intercourse would have been painful, Jamie would not have consented to having sex with Chavez. However, Chavez was never charged with rape.

3

The Nevada Supreme Court held that Chavez could not establish prejudice. Faced with the overwhelming evidence of Chavez's guilt described above, there was no reasonable probability the outcome would have been different even if the jury were not left with the impermissible inference that Chavez had raped Jamie. This was not an unreasonable application of *Strickland*.

**3.** Chavez contends his counsel was ineffective because counsel failed to object to several instances of "prosecutorial misconduct" during closing argument. Chavez claims the prosecutor improperly: asked the jury to put themselves in the place of the defendant; made "derogatory" comments about Chavez; made statements of personal opinion; and made an argument regarding facts not in evidence. The Nevada Supreme Court held that Chavez could not establish prejudice because the prosecutor's comments were not egregious and the evidence against Chavez was overwhelming. Thus, there was no reasonable probability that the outcome would have been different had Chavez's counsel objected. This was not an unreasonable application of *Strickland*.

**AFFIRMED.**